IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GARJON COLLINS,**

       Plaintiff,

v.                                      **CIVIL ACTION NO. 3:12-CV-74**
                                           **(JUDGE GROH)**

**M. WEAVER, Health Administrator;**
**E. ANDERSON, D.O., Staff Physician;**
**and C. GHERKE, Physician's Assistant,**

       Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 55]. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R & R"). Upon his initial review, Magistrate Judge Kaull filed his R & R on July 11, 2013. In that filing, the magistrate judge recommends that the Defendants' Motion to Dismiss, Or, In the Alternative, for Summary Judgment [Doc. 33] be granted, and that the Plaintiff's Complaint be dismissed without prejudice with respect to his claim for deliberate indifference and lack of access to medical records. The magistrate judge further recommends that the Plaintiff's Complaint be dismissed with prejudice with respect to his request for an order directing his transfer to a BOP medical facility. Finally, the magistrate judge recommends that the Plaintiff's "Motion [for] Joinder [of] Defendants and Claims" [Doc. 51], be construed as a motion to amend and be granted, and that the Plaintiff be directed to file a form FTCA

claim.

Pursuant to 28 U.S.C. §636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order. 28 U.S.C. §636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Kaull's R & R were due within fourteen (14) days of the Plaintiff being served with a copy of the same, pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on July 15, 2013 [Doc. 57]. Objections were thus due by August 1, 2013.[1] Neither party filed objections to the R & R. Accordingly, this Court will review the R & R for clear error.

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 55]** should be, and hereby is, **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Defendants' Motion to Dismiss, Or, In the Alternative, For Summary Judgment **[Doc. 33]** is hereby **GRANTED**, and with regard to the Plaintiff's Complaint **[Doc. 1]**, it is hereby **ORDERED** as follows:

---

[1] *See* Fed. R. Civ. P. 6(d) (three additional days are added to the fourteen provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)).

1. With respect to the Plaintiff's allegations of deliberate indifference and lack of access to medical records, his Complaint is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

2. With respect to the Plaintiff's request for an order directing his transfer to a BOP medical facility, his Complaint is hereby **DISMISSED WITH PREJUDICE**, as this Court does not have the authority to grant the relief requested.

3. With respect to the Plaintiff's Motion for Joinder of Defendants and Claims **[Doc. 51]**, the Court construes the Plaintiff's motion as one to amend his Complaint to assert an FTCA claim and add the United States as a defendant, and the Court hereby **GRANTS** the same. The Clerk is directed to send to the *pro se* Plaintiff a copy of the Court's form FTCA Prisoner Packet, which the Plaintiff is to complete, asserting his FTCA claim with specificity.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: August 5, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE